**Lenny Kyle Dykstra, Pro Se** ORIGINAL
10550 Wilshire Blvd. #1203
Los Angeles, CA 90024
c/o
Dorothy Van Kalsbeek
25092 Via Las Lomas
Murrieta, CA 92562

Telephone: (805) 603-3067

lkdykstra4@yahoo.com

Attorney for Debtor
Lenny K. Dykstra

FILED
MAR - 4 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re

**LENNY KYLE DYKSTRA,**

Debtor.

) CASE NO.: 1:09-bk-18409-GM
)
)
) Chapter 7
)
) **DEBTORS MOTION UNDER 11 U.S.C.**
) **§ 701(a) FOR VOLUNTARY**
) **DISMISSAL OF BANKRUPTCY;**
)
) Date: April 6, 2010
) Time: 10:00 a.m.
) Ctrm: 302
)

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE AND THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS AND PARTIES IN INTEREST: PLEASE TAKE NOTICE that on February 12, 2010 by the Court, at 10:00 a.m. in Courtroom 302 of the above-entitled Court located at 21041 Burbank Boulevard, Woodland Hills, California 91367, LENNY KYLE DYKSTRA ("Debtor"), the debtor in the above-captioned Chapter 7, shall, and does hereby, MOVES the court to DISMISS Debtor from bankruptcy voluntarily.

1

Debtors Motion to Dismiss

Debtor has the right to volunteer for a dismissal under 11 USC § 701 (a) and hereby states the cause of this motion and benefits to be gained by the Debtor and all creditors with court approval of this motion.

## CHAPTER 11 / CHAPTER 7 – HISTORY/BACKGROUND

1. Debtor entered a petition to the court for Chapter 11 bankruptcy protection on July, 7, 2009.
2. On September 1, 2009 a motion for the appointment of a Chapter 11 Trustee was granted by motion of the Office of the United States Trustee ("OUST") and Index Investors, LLC.
3. On September 8, 2009 Arturo Cisneros was appointed by the court to act as Trustee in the case.
4. On September 18, 2009, Debtor filed a Substitution of Attorney and is currently representing himself.
5. On September 30, 2009 – only 22 days after appointment by the court as Trustee and prior to any consultation with Debtor or experts hired by Debtor regarding insurance claims on Ladbrook and Newbern properties, Trustee reached a proposed settlement agreement with FFIC in the amount of $1,005,162. The proposed settlement was to include all damages for all claims including ALE, Loss of Use, and Bad Faith.
6. On October 27, 2009 the Trustee's motion to convert the case to a Chapter 7 was granted.
7. On December 10, 2009 the court denied the Trustee's motion for an ill advised settlement for all claims regarding ALE, Loss of Use, and Bad Faith and determined that court appointed experts would be hired to resolve the amount of damages and extent of claims covered in the dispute between parties.
8. Also on December 10, 2009 the court agreed to a settlement in part for all related property damage claims as to the property located at 2672 Ladbrook

Way, Thousand Oaks, CA 92361. Benefits for ALE, Loss of Use and Bad Faith were not inclusive of claims settled.

9. On December 16, 2009 and order for the settlement in part was entered.

## CAUSE FOR DISMISSAL

1. Since the appointment of the Trustee, Debtor has attempted to work with the Trustee and his counsel toward the goal of paying off legitimate creditors by aggressively pursuing disclosed assets to provide necessary income for this purpose. The Trustee and his counsel are not interested in the work required to achieve this goal. The Debtor has attempted to hire outside counsel for this purpose, however being in bankruptcy and not having direct control of these assets is preventing Debtor from taking action himself. Debtor believes that his own best interest and the best interests of the creditors would be served by allowing Debtor to pursue these claims outside bankruptcy court, where the Trustee is only interested in dumping assets as quickly as possible and in no way shown any regard for the benefits of the creditors.

2. Debtor would rather face all debts without the benefit of bankruptcy protection and work out individual settlements with all creditors and or pursue protection against those creditors without legitimate claims in state court, if it means gaining control of his assets, so that the full value of Debtor's disclosed assets can be used to pay those who are legitimately owed.

3. Debtor would agree to payment to the Trustee and his counsel for services rendered for the benefit of the bankruptcy estate thus far, to the Office of the United States Trustee, and to the court for all court costs incurred in order to gain approval of the court for dismissal. Funds are currently available and in the possession of the Trustee to comply with this. Once the Ladbrook home is complete, and the bank is satisfied with the repair work, the Debtor proposes

that the remaining funds, not used for those items previously approved by the court and held by the Trustee be used for this purpose. Any remaining funds not used for this purpose would be considered asset of the Debtor and can be returned to the Debtor upon the court signed order to dismiss or held in trust by the Trustee until such time each and every creditor is satisfactorily compensated.

## BENEFITS OF DISMISSAL

1. Debtor would gain control of assets to pursue the FULL value of said assets aggressively, so that legitimate debts could be paid.
2. Debtor has an interested party who would assist him in gaining back control of his car wash businesses by pursuing a non-judicial foreclosure of this asset. Control of this asset would provide Debtor with income. Income could be used to settle debts, provide for family support, and provide a living for Debtor.
3. Debtor has interested parties who would assist Debtor against claims against Fireman's Fund insurance company, which if properly pursued would provide Debtor with enough benefits to settle all debts and pay off all creditors with legitimate claims. These parties are not interested in helping Debtor at this time due to bankruptcy.
4. Debtor has interested parties who would assist Debtor with his claims against JPMorgan Chase, which if properly pursued would provide Debtor with enough benefits to settle all debts and pay off all creditors with legitimate claims. These parties are not interested in helping Debtor at this time due to bankruptcy.

## CONCLUSION

Debtor requests that the Court to take into account all the facts in this case and allow Debtor a voluntary dismissal. This would allow debtor to pursue claims and/or assets needed to pay legitimate creditors. Debtor is highly motivated to achieve this goal. This is

4

in the best interest of the creditors, the best interest of the Debtor and the best interests of the court.

The purpose of filing a petition under Chapter 11 of the bankruptcy code was to allow debtor the ability to pay off creditors while under the protection of the court. However, with the assignment of the Trustee, and subsequent conversion to Chapter 7, Debtor is concerned that the benefits of the creditors are not being considered a priority.

If dismissed from Bankruptcy, and with those willing to assist Debtor outside of bankruptcy, Debtor can once again claim his role as a productive member of society. Prior to bankruptcy, Debtor was a successful business owner and was responsible for his family and for the livelihood of several hundred employees and provided income to vendors and service providers in conjunction with his businesses.

It has never been the goal of Debtor to discharge all debts and start over. Debtor did not seek bankruptcy under Chapter 7, this was decided for him. Debtor has always been financially accountable for his actions and would like the legal right to all his debts and all his assets.

DATED: March 4, 2010                                **LENNY K. DYKSTRA, PRO SE**

By: *Lenny Dykstra*
Lenny K. Dykstra
Debtor

5

## DECLARATION OF LENNY KYLE DYKSTRA

1. I, Lenny Kyle Dykstra, declare:

2. I am currently the debtor in the above-captioned Chapter 7 bankruptcy case which was converted from a Chapter 11 bankruptcy case.

3. I am an individual above the age of eighteen years of age and have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would competently testify thereto, except where matters are stated on information and belief, in which case, I am informed and believe that the facts so stated are true and correct.

4. I make this statement in favor of the Motion for Dismissal as submitted to the Court to be heard on April 6, 2010 at 10:00 am, in Courtroom 302 of the above-entitled Court located at 21041 Burbank Boulevard, Woodland Hills, California 91367.

5. I have read and am aware of the contents of the Motion and fully agree with all of the facts as stated therein.

6. I have read and am aware of the contents of the Motion. The facts stated in the Motion are true to the best of my knowledge, information and belief.

7. It is my belief and understanding that under 11 USC § 701 (a) a debtor has the right to a voluntary dismissal if debtor can show cause and such dismissal is to the benefit of the creditors and the benefit of the debtor as well.

8. I entered a petition to the court for Chapter 11 bankruptcy protection on July, 7, 2009. It was my intention to seek the protection of the bankruptcy court while reorganizing debts.

9. On September 1, 2009 a motion for the appointment of a Chapter 11 Trustee was granted by motion of the Office of the United States Trustee ("OUST") and Index Investors, LLC.

10. On September 18, 2009, I filed a Substitution of Attorney and am currently representing myself.

1     11. On October 27, 2009 the Trustee's motion to convert the case to a Chapter 7 was granted.

    12. I believe I have the motivation necessary to settle debts and seek full value of assets better than the Trustee.

    13. It is my belief and understanding that the purpose of filing a petition under Chapter 11 of the bankruptcy code was to allow me the ability to pay off creditors while under the protection of the court. However, with the assignment of the Trustee, and subsequent conversion to Chapter 7, I am concerned that the benefits of the creditors are not being considered a priority.

    14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2010 at Los Angeles, California.

DATED: March 4, 2010                                   **LENNY K. DYKSTRA**

By: *[signature]*
Lenny K. Dykstra

Case 1:09-bk-18409-GM    Doc 220    Filed 03/04/10    Entered 03/05/10 11:06:51    Desc
              Main Document    Page 8 of 10

# PROOF OF SERVICE

I, **Dorothy Van Kalsbeek**, declare:

    I am over the age of 18 years and not a party to the within action or proceeding. My business address is in the city of Los Angeles, County of Los Angeles, State of California.

    On March 4, 2010, I served a true copy of the foregoing;

DEBTORS MOTION UNDER 11 U.S.C. § 701(a) FOR VOLUNTARY DISMISSAL OF BANKRUPTCY

[ ]  E-mail: By transmitting said document(s) via e-mail before 5:00 p.m. on this date to the e-mail address(es) set forth below. The transmission was reported as complete and without error.

[ ]  Facsimile: By transmitting said document(s) via facsimile before 5:00 p.m. on this date to the fax number(s) set forth below. The transmission was reported as complete and without error.

[X]  By Mail: By placing said document(s) in a sealed envelope, with postage thereon fully prepaid, addressed as set forth below, and on this date depositing said envelope in the United States mail at Los Angeles County, California. I am aware that on motion of the party served, service by mail is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth herein.

**See Attached List**

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct; and that this Proof of Service was executed on March 4, 2010, at Los Angeles, California.

*/s/ Dorothy J. Van Kalsbeek*

# PROOF OF SERVICE INSTRUCTIONS

**Serve by overnight mail:**

Arturo Cisneros
2112 Business Center Drive
2nd Floor
Irvine, CA 92612

Leonard M. Shulman
Robert E. Huttenhoff
Shulman Hodges & Bastian LLP
26632 Towne Center Dr. Suite 300
Foothill Ranch, CA 92610

**Serve by first class mail:**

**Hon. Geraldine Mund**
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

S. Margaux Ross
Atty for US Trustee
21051 Warner Center Ln. #115
Woodland Hills, CA 91367

M. Jonathan Hayes
9700 Reseda Blvd. Suite 201
Northridge, CA 91324

Arturo Cisneros
2112 Business Center Drive
2nd Floor
Irvine, CA 92612

Leonard M. Shulman
Robert E. Huttenhoff
Shulman Hodges & Bastian LLP
26632 Towne Center Dr. Suite 300
Foothill Ranch, CA 92610

Evan B Sorensen
Tressler, Soderstrom, Maloney & Priess
3070 Bristol Street, Suite 450
Costa Mesa, CA 92626

Charles Shamash
Caceres & Shamash LLP
8383 Wilshire Blvd. Suite 1010
Beverly Hills, CA 90212

Jeffrey Krieger
Greenberg Glusker
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

Gary Lorch
633 W Fifth St Ste 4900
Los Angeles, CA 90071

Shawn M Robinson
Lounsbery Ferguson Altona & Peak
960 Canterbury Pl Ste 300
Escondido, CA 92025

Richard P Towne
3625 Thousand Oaks Blvd Ste 267
Westlake Village, CA 91362

American Express
P.O. Box 0001
Los Angeles, CA 90096-0001

Bank of America Credit Cards
1200 E. 27th
Hays, KS 67601

Constant Aviation
5211 Secondary Road
Cleveland, OH 44135

Countrywide/Bank of America Home Loan
450 American St.
Simi Valley, CA 93065

Creel Printing
6330 West Sunset Rd.
Las Vegas, NV 89118

9

| | |
|---|---|
| David & Teresa Litt<br>23901 Calabasas Rd., Ste. 2092<br>Calabasas, CA 91302 | The Private Flight Group<br>184 Airport Road<br>Westchester Cnty Airport<br>West Harrison, NY 10604 |
| David Vigliano<br>405 Park Avenue, Ste. 1700<br>New York, NY 10022 | United Commercial Bank<br>555 Montgomery St., 4th Floor<br>San Francisco, CA 94111 |
| Festus Dada<br>960 Canterbury Pl., Ste 300<br>Escondido, CA 92025 | Wachovia<br>Loss Draft Department<br>P O Box 53930<br>Irvine, CA 92619 |
| FTI Consulting<br>500 E. Pratt St., Ste. 1400<br>Baltimore, MD 21202 | |
| Global Executive Aviation<br>c/o Jeffrey D. Kirk<br>231 Market Place, #371<br>San Ramon, CA 94583 | |
| Halcyon Jets<br>336 West 37th St., 8th Floor<br>New York, NY 10018 | |
| Hudson Yards<br>640 West 28th St., #8<br>New York, NY 10001 | |
| K & L Gates<br>10100 Santa Monica Blvd., 7th Floor<br>Los Angeles, CA 90067 | |
| Labor Commissioner, State of CA<br>Department of Industrial Relations<br>Div. of Labor Standards Enforcement<br>411 East Canon Perdido St., Room 3<br>Santa Barbara, CA 93101 | |
| O'Melveny & Myers<br>c/o Daniel Petrocelli<br>1999 Ave of the Stars<br>Los Angeles, CA 90067 | |
| Rockbridge Bank<br>5607 Glenridge Dr., Ste. 100<br>Atlanta, GA 30342 | |
| Sherwood Country Club<br>320 W. Stafford Road<br>Westlake Village, CA 91361 | |
| Space 150<br>212 3rd Ave., #150<br>Minneapolis, MN 55401 | |